## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

James Johnson, et al.,                  :
                                        :
    Plaintiffs,                     :
                                        :
v.                                      :      CIVIL ACTION NO.
                                        :      1:05-CV-00460-RWS
Wachovia Bank, et al.,                  :
                                        :
    Defendants.                     :

### ORDER

This case is before the court for consideration of Defendants' Motion for Summary Judgment [13].   The motion is unopposed.   After reviewing the entire record, the court enters the following order.

### Factual Background [1]

Wachovia owns and operates a banking facility at 3601 Chamblee-Tucker Road in Dekalb County, Georgia.   (" the Dekalb branch").   Janice Goddard ("Ms. Goddard") was employed as a financial specialist at the Dekalb branch.

In January 2003, Plaintiffs visited the Dekalb branch purportedly  to open a bank account for their business and met with Ms. Goddard.   Ms. Goddard asked Plaintiff Johnson for some identifying information before opening the account.   Plaintiff

---

[1]  Factual Background is taken from defendants' statement of undisputed material facts which is unrefuted by plaintiffs.

Johnson did not provide Ms. Goddard with the information she requested.   Ms. Goddard informed Plaintiff Johnson she could not open the business account without the information she requested.   Plaintiffs left the Dekalb branch that day without opening an account.

Plaintiffs did not complain of race discrimination to anyone before leaving the Dekalb branch.   At no point did Ms. Goddard call Plaintiffs names,  use racial slurs, or make any other race-related comments.

There is no evidence presented as to whether Ms. Goddard  requested the same information from other similarly situated actual and/or potential non-African-American customers seeking to open similar accounts with Wachovia.   There is also no evidence concerning any investigation Wachovia conducted concerning Ms. Goddard before she was hired.   There is no evidence concerning Wachovia's screening practices for hiring or employing individuals.   There is no evidence concerning how often Ms. Goddard received performance evaluations or regarding training of Ms. Goddard concerning Wachovia's anti-discrimination policies.

## Discussion

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light

most favorable to the non-movant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Plaintiffs claim Defendants subjected them to racial discrimination in violation of 42 U.S.C. § 1981 ("Section 1981)".  Section 1981 prohibits discrimination on the basis of race in the making and enforcement of private contracts.  It provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.  In response to the Supreme Court's holding in Patterson v. McLean Credit Union, 491 U.S. 164, 177, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989), that the protection of § 1981 does not extend to conduct after the contractual relationship has been established, Congress amended § 1981 to expand its reach.  See

<u>Andrews v. Lakeshore Rehab. Hosp.</u>, 140 F.3d 1405, 1411 (11th Cir. 1998); <u>Callwood v. Dave & Buster's, Inc.</u>, 98 F. Supp. 2d 694, 703 (D. Md. 2000); <u>Doe v. Bd. of County Comm'rs</u>, 783 F. Supp. 1379, 1383 n.11 (S.D. Fla. 1992).  The Civil Rights Act of 1991,  Pub. L. No. 102-166, § 101 (codified as 42 U.S.C. § 1981(b)), provides that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

In order for a plaintiff to recover under § 1981, he must demonstrate that he is a member of a racial minority and that he suffered intentional race discrimination which affected him in the making and performance of a contract, including the enjoyment of the contract's benefits, privileges, terms and conditions.  <u>Benton v. Cousins Props., Inc.</u>, 230 F. Supp. 2d 1351, 1369 (N.D. Ga. 2002) (J. Carnes); <u>Baker v. McDonald's Corp.</u>, 686 F. Supp. 1474, 1481 (S.D. Fla. 1987); <u>see</u> <u>Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania</u>, 458 U.S. 375, 391, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) (stating that § 1981 can be violated only by purposeful discrimination).  A plaintiff may prove intentional discrimination through (1) direct evidence; (2) pattern and practice evidence, or (3) circumstantial evidence of discrimination.  <u>Afkhami v. Carnival Corp.</u>, 305 F. Supp. 2d 1308, 1320 (S.D. Fla. 2004).  Direct evidence of discrimination is evidence, which if believed, would prove the existence of a fact without inference or

presumption.  Id.  To show a pattern or practice of discrimination, a plaintiff must provide evidence of impermissible discrimination that was the defendant's standard operating procedure through historical, anecdotal or statistical evidence or a combination thereof.  Id. at 1321.  Finally, a plaintiff may prove that he was intentionally discriminated against by presenting circumstantial evidence.  Id.

In order to prove discrimination through circumstantial evidence, Courts have had little trouble concluding that the traditional burden-shifting framework applied in Title VII cases applies to claims under § 1981.  Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 869 (6th Cir. 2001); Brown v. Am. Honda Motor Co., Inc., 939 F.2d 946, 949 (11th Cir. 1991); Benton, 230 F. Supp. 2d at 1369; see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Under the familiar McDonnell Douglas analysis, a plaintiff first must establish a prima facie case of discrimination.  Id. at 802; Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 207 (1981).  Establishing a prima facie case has the same effect as a presumption of unlawful discrimination; the defendant must then come forward with evidence of a legitimate nondiscriminatory reason for its action. McDonnell Douglas, 411 U.S. at 802.  When a defendant expresses one or more legitimate reasons for the action, the presumption of discrimination evaporates, and a plaintiff must raise a genuine issue of material fact as to whether the reasons offered by the defendant are pretextual.  Id. at 804.

In order to establish a prima facie case, Plaintiffs must show that: (1) they are members of a protected class; (2) they made themselves available to receive services ordinarily provided by defendant to members of the public; (3) they "did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that (a) [they were] deprived of services while similarly situated individuals outside [their] class were not, or (b) [they] received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable." Brooks v. Collis Foods, Inc., 365 F. Supp. 2d 1342, 1354 (N.D. Ga. 2005) (citing Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 871 (6th Cir. 2001)). Defendants do not dispute that Plaintiffs can satisfy the first two requirements of a prima facie case. However, Defendants assert that Plaintiffs do not satisfy the third requirement because they have pointed to no similarly situated persons outside their protected class who were treated differently by Defendants. Further, Plaintiffs have failed to offer any evidence of hostile conduct by Ms. Goddard. She apparently requested their social security number before opening a business account for them. When Plaintiffs refused to provide a social security number an unpleasant exchange did occur between Ms. Goddard and plaintiffs. However, plaintiffs have offered no basis for finding such conduct to be discriminatory. Ms. Goddard used no disparaging language toward plaintiffs, and even under Plaintiffs' description of the event, the her conduct would

not be described as hostile.

Based on the foregoing, the court concludes that plaintiffs have failed to

establish a prima facie case.  Therefore, defendants are entitled to summary judgment.

## Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment [13] is

hereby **GRANTED**.

**SO ORDERED**, this   14th   day of November, 2005.

s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE